## ZIMMERMAN vs. TURNER and another.

*Bill of Exceptions.*

In ejectment, where plaintiff offered in evidence a deed to him from the county and state, which was ruled out because not sealed with the private seal of the clerk, the record of his appeal not showing that it was a tax deed, it does not appear what question is presented, and the judgment must be affirmed.

ERROR to the Circuit Court for *Ozaukee* County.

Ejectment. The plaintiff offered in evidence a deed to him from the state and county, executed by the clerk of the board of supervisors of said county, and sealed with his official seal, which was ruled out because not sealed with his *private* seal. Judgment of dismissal; and plaintiff sued out his writ of error.

*Geo. W. Foster*, for plaintiff in error.

*Eugene S. Turner*, for defendants in error.

COLE, J. It is insisted that it does not appear from the record, what was the nature of the deed which was offered in evidence on the part of the plaintiff, and ruled out by

the court. An examination of the bill of exceptions shows that this objection is well taken. It is stated in the bill of exceptions, that the plaintiff, to maintain the action, offered in evidence a deed of the premises mentioned in the complaint, given to the plaintiff by the county of Ozaukee and state of Wisconsin. The attestation clause of the deed is given, from which it appears that the deed was executed by the clerk of the county board of supervisors of Ozaukee county, "pursuant to and in virtue of the authority in him vested by the statute," for and "in behalf of said state and of the county of Ozaukee." Now, it might perhaps be inferred from this, that the deed in question was a tax deed. Yet, is the court at liberty to grope around and guess at the nature and character of this deed? It seems to us not. It is said, *non constat* but the plaintiff offered in evidence a deed of property held by the clerk officially for either or both of the grantors; or by himself individually, either as a trust or for the non-payment of taxes, or as property owned by the county and state which he was authorized by some statute to convey. The objection may appear rather hypercritical; and yet it is undoubtedly a most salutary rule to require the bill of exceptions to fairly raise the question upon which the opinion of the court is desired. Had the bill of exceptions stated that the plaintiff offered in evidence a tax deed executed by the clerk of the board of supervisors in 1864, in accordance with the form prescribed in section 50, chap. 22, Laws of 1859, then the question whether that deed should have the private as well as the official seal of the clerk would have been presented for our consideration. But we can only say inferentially that this question is involved in the case. We do not think it too much to require the bill of exceptions to fairly present the question to be decided. We cannot assume, therefore, that the deed offered by the plaintiff and ruled out was a tax deed.

B—— vs. I——.

*By the Court.*—The judgment of the circuit court is affirmed.